**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **VIANNEY JEAN MARIE UWIZEYE** | **CASE NO. 3:26-CV-03915 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **TIM WYATT ET AL** | **MAGISTRATE JUDGE LEBLANC** |

# ORDER

Presently before the Court is the Motion for Temporary Restraining Order and Motion for Preliminary Injunction [ECF No. 2] filed by Petitioner. Petitioner seeks an order enjoining his continued mandatory detention and staying any further removal proceedings until his rights to due process are restored. This request is the exact same remedy sought in his petition.

Preliminary injunctive relief is an "extraordinary remedy" that should only be granted if the movant has "clearly carried the burden of persuasion" on the following four elements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) granting the injunction will not disserve the public interest.[1] The decision to grant preliminary injunctive relief "is to be treated as the exception rather than the rule."[2]

[1] *Miss. Power & Light Co. v. United Gas Pipe Line Co*., 760 F.2d 618, 621–22 (5th Cir.1985); *see also Perez v. City of San Antonio*, 163 F.4th 110, 118 (5th Cir. 2025).
[2] *Miss. Power & Light Co.* at 621.

"The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks."[3] Rather, it is to preserve the status quo and "prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits."[4] Here, Petitioner seeks an injunction granting the same ultimate relief he seeks on the merits of his habeas petition—immediate release.[5] Where a motion for injunctive relief mirrors the allegations in support of the habeas petition (as in this matter) and both seek the same relief, the motion for injunctive relief may be denied.[6] "Otherwise, a motion for preliminary injunction seeking immediate release would function as a form of accelerated review, circumventing the habeas process."[7] As recently set forth by another judge of this District,

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. The Court will not allow Petitioner to commit an end-run around the habeas process.[8]

Further, the Court has reviewed the pleadings in the case and finds that the Petitioner has not demonstrated a substantial likelihood of success on the merits of his claim. For these reasons,

---

[3] *WarnerVision Entm't Inc. v. Empire of Carolina, Inc*., 101 F.3d 259, 261–62 (2d Cir. 1996); *see also Lackey v. Stinnie*, 604 U.S. 192, 200 (2025).

[4] *Meis v. Sanitas Serv. Corp*., 511 F.2d 655, 656 (5th Cir. 1975); *see also Sambrano v. United Airlines, Inc*., 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022).

[5] ECF No. 1 at 7; ECF No. 5 at 5.

[6] *Stines v. Superintendent*, No. 24-CV-456, 2025 WL 1448358, at *2 (N.D.N.Y. May 20, 2025) (quoting *Lawry v. Wolcott*, No. 20-CV-588, 2020 WL 4018344, *6 (W.D.N.Y. July 15, 2020); *accord Meade v. Spaulding*, No. 16-CV-2212, 2017 WL 3425181, at *2 (M.D. Pa. Aug. 9, 2017).

[7] *Stines*, *supra*.

[8] *Rodriguez v. Lyons*, No. 25-CV-1926, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025).

IT IS ORDERED THAT the Motion for Temporary Restraining Order and Motion for Preliminary Injunction [ECF No. 2] is DENIED. Petitioner's Petition will be ruled on in due course.

THUS DONE in Chambers on this 5th day of October, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE